**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CRESTMONT MM LP d/b/a MERCEDES-BENZ OF MORRISTOWN,<br><br>Plaintiff,<br><br>v.<br><br>NOBILIS GROUP, INC. and NOBILIS ADMINISTRATIVE SERVICES, INC.,<br><br>Defendants. | Civil Action No. ____________________<br><br>**NOTICE OF REMOVAL**<br><br>(On Removal from the Superior Court of New Jersey, Law Division, Morris County, Docket No. MRS-L-001753-26) |

**PLEASE TAKE NOTICE** that Defendants Nobilis Group, Inc. ("NGI") and Nobilis Administrative Services, Inc. ("NASI" and, together with NGI, "Defendants"), by and through their undersigned counsel, hereby remove the above-captioned action—with reservation of all rights and defenses—from the Superior Court of New Jersey, Law Division, Morris County, Docket No. MRS-L-001753-26 (the "Removed Action"), to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. As grounds for removal, Defendants state as follows:

## I. INTRODUCTION

1. Plaintiff Crestmont MM LP d/b/a Mercedes-Benz of Morristown ("Plaintiff" or "Crestmont") alleges that it entered into a Dealer-Administrator Agreement (the "Agreement") with NGI, on behalf of its subsidiary administrative companies including NASI, pursuant to which Crestmont sold consumer vehicle protection plans administered by Defendants. Compl. ¶ 4. Plaintiff alleges that it sold approximately 1,500 consumer protection contracts under the programs, *id.* ¶ 16, and that, following a 2025 rate-schedule change and Crestmont's decision to stop selling new programs, Defendants changed claims procedures, refused to accept or pay claims, and redirected Crestmont's customers to competing dealerships, *id.* ¶¶ 19–34.

2. The Complaint asserts seven causes of action arising out of those alleged facts: (1) breach of contract, Compl. ¶¶ 35–45; (2) breach of the implied covenant of good faith and fair dealing, *id.* ¶¶ 46–52; (3) tortious interference with existing customer relationships, *id.* ¶¶ 53–58; (4) tortious interference with prospective economic advantage and unfair competition, *id.* ¶¶ 59–64; (5) unjust enrichment/restitution, *id.* ¶¶ 65–71; (6) quantum meruit, *id.* ¶¶ 72–78; and (7) declaratory judgment pursuant to N.J.S.A. 2A:16-50 et seq., *id.* ¶¶ 79–83.

3. Plaintiff seeks compensatory damages—including unpaid repair invoices, lost service revenue, lost customer relationships and goodwill, and reputational harm—in an amount to be determined at trial, together with pre- and post-judgment interest, attorneys' fees and costs, and declaratory relief obligating Defendants to process, administer, and pay claims arising from the approximately 1,500 consumer protection contracts sold through Crestmont. Compl. ¶¶ 33, 45, 52, 58, 64, 71, 78, 82 & Wherefore clauses.

## II. TIMELINESS OF REMOVAL AND PROCEDURAL REQUIREMENTS

4. Plaintiff filed the Complaint in the Superior Court of New Jersey, Law Division, Morris County, on or about July 23, 2026.

5. NGI was served with the Summons and Complaint on July 29, 2026. *See* **Exhibit A**, Affidavit of Service (NGI).

6. NASI was served with the Summons and Complaint on July 31, 2026. *See id.*, Affidavit of Service (NASI).

7. This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is filed within thirty (30) days after service of the Summons and Complaint upon each Defendant, and within one year of commencement of the action. 28 U.S.C. § 1446(b)(1), (b)(2)(B), (c)(1).

8. All Defendants that have been properly joined and served join in this Notice of Removal, as required by 28 U.S.C. § 1446(b)(2)(A).

9. Defendants deny any liability as to Plaintiff's claims and expressly reserve all rights and defenses, including all defenses under Federal Rule of Civil Procedure 12(b), objections to personal jurisdiction, sufficiency of process, and sufficiency of service of process, and any right to compel arbitration. For purposes of meeting the jurisdictional requirements for removal only, Defendants submit that this action is removable based on diversity jurisdiction, as set out in detail below.

10. As required by 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendants in the Removed Action are attached to this Notice of Removal, collectively, as **Exhibit A**.

## III. THIS COURT HAS ORIGINAL DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332

11. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because complete diversity of citizenship exists between Plaintiff and Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010).

### A. Complete Diversity Exists Among the Parties.

12. Plaintiff alleges that it is a New Jersey limited partnership with its principal place of business at 34 Ridgedale Avenue, Morristown, Morris County, New Jersey. Compl. ¶ 1.

13. For diversity purposes, a limited partnership is a citizen of every state of which any of its partners—general or limited—is a citizen. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990); *Zambelli Fireworks*, 592 F.3d at 419–20. The citizenship of an unincorporated entity "must be traced through however many layers of partners or members there may be." *GBForefront, L.P.*

*v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 36 (3d Cir. 2018) (quoting *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 n.16 (3d Cir. 2015)).

14. Upon information and belief, formed after a reasonable investigation of publicly available records, the sole general partner of Crestmont MM, L.P. is Crestmont MM, Inc., a New Jersey corporation with its principal place of business in Morristown, New Jersey, and therefore a citizen of New Jersey. 28 U.S.C. § 1332(c)(1).

15. Upon information and belief, formed after a reasonable investigation, no partner of Crestmont MM, L.P.—general or limited, and tracing through any constituent entities or trusts—is a citizen of the State of Texas. *See Lincoln Benefit*, 800 F.3d at 107–08 (a party invoking diversity jurisdiction may allege, "on information and belief" following a reasonable investigation, that no member or partner of an unincorporated entity is a citizen of a particular state, where the entity's membership is uniquely within the adverse party's knowledge).

16. NGI is a citizen of the State of Texas because it is a Texas corporation with its principal place of business at 5100 N. O'Connor Blvd., Suite 200, Irving, Texas. Compl. ¶ 2; 28 U.S.C. § 1332(c)(1).

17. NASI is a citizen of the State of Texas because it is a Texas corporation with its principal place of business at 5100 N. O'Connor Blvd., Suite 200, Irving, Texas. Compl. ¶ 3; 28 U.S.C. § 1332(c)(1).

18. Accordingly, complete diversity exists: Plaintiff is a citizen of New Jersey, and Defendants are citizens of Texas.

**B. The Amount in Controversy Exceeds $75,000.**

19. Where the initial pleading does not demand a specific sum, the notice of removal may assert the amount in controversy, 28 U.S.C. § 1446(c)(2)(A), and need include only "a

plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).

20. The amount in controversy here plausibly exceeds $75,000, exclusive of interest and costs. Plaintiff alleges direct monetary damages in the form of unpaid repair invoices across numerous completed repair orders, lost service revenue, and lost customer relationships and goodwill, Compl. ¶¶ 30–33, 45, 58, 64, arising from a customer base of approximately 1,500 vehicle protection contracts, *id.* ¶¶ 16, 60, together with reputational harm and attorneys' fees and costs demanded in each count.

21. Plaintiff further seeks a declaratory judgment obligating Defendants to process, administer, and pay or reimburse claims arising from all consumer protection contracts sold through Crestmont on an ongoing basis. Compl. ¶¶ 79–83. In declaratory-relief actions, the amount in controversy is measured by the value of the object of the litigation—here, Plaintiff alleges that Defendants refused to permit customers under the relevant vehicle protection plans to have their vehicles serviced at Plaintiff's business. As of April 2026, the average run rate – i.e., the amount Plaintiff was being paid in claims each month – was roughly $20,000. Thus, based on the passage of time from April through August (4 months) alone, the $75,000 threshold is met. *See* **Exhibit B**, Declaration of Rushi Modha, at ¶ 2.

22. While Defendants deny all liability and deny that Plaintiff is entitled to any relief, the allegations of the Complaint, taken as pleaded, place more than $75,000 in controversy.

## IV. VENUE AND REMOVAL PROCEDURE

23. Pursuant to 28 U.S.C. § 1441(a), this Court is the proper forum for this Notice of Removal because the United States District Court for the District of New Jersey embraces the

place where the Removed Action is pending, the Superior Court of New Jersey, Law Division, Morris County.

24. In accordance with 28 U.S.C. § 1446(d), promptly after the filing of this Notice of Removal, Defendants will (i) give written notice thereof to Plaintiff and (ii) file a copy of this Notice of Removal with the Clerk of the Superior Court of New Jersey, Law Division, Morris County, effectuating the removal. Defendants will promptly file proof of the foregoing with this Court.

25. By filing this Notice of Removal, Defendants do not waive any claim, argument, or defense that might be available to them, including objections to personal jurisdiction, venue, sufficiency of process, or sufficiency of service of process, or any right to arbitrate, nor do they concede that Plaintiff has pleaded any claim upon which relief may be granted.

## V. CONCLUSION

26. For the foregoing reasons, the Removed Action is hereby removed to the United States District Court for the District of New Jersey. Defendants respectfully request that the Court enter such orders and grant such other and further relief as may be necessary to effectuate the removal. Defendants reserve the right to supplement and/or amend this Notice of Removal.

Dated: August 28, 2026

Respectfully submitted,

**MAYNARD NEXSEN PC**

By: */s/ Justin E. Condit*

Justin E. Condit
New Jersey State Bar No. 166142015
551 Fifth Avenue, Suite 1600
New York, New York 10176
(646) 609-9295
jcondit@maynardnexsen.com
*Attorneys for Defendants Nobilis Group, Inc. and Nobilis Administrative Services, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2026, a true and correct copy of the foregoing Notice of Removal was filed with the Clerk of this Court via CM/ECF and served upon the following counsel of record for Plaintiff through the CM/ECF portal and/or electronic mail:

Jordan B. Kaplan, Esq.
Raymond S. Cooper, Esq.
FOX ROTHSCHILD LLP
49 Market Street
Morristown, New Jersey 07960
jbkaplan@foxrothschild.com
raycooper@foxrothschild.com
*Attorneys for Plaintiff*

*/s/ Justin E. Condit*
Justin E. Condit