# EXHIBIT A

# Civil Part Case Summary

**Case Number:** MRS L-001753-26

**Case Caption:** Crestmont Mm Lp D/B/ A Mercede Vs Nobilis Group,

**Court:** Civil Part | **Venue:** Morris | **Case Initiation Date:** 07/23/2026

**Case Type:** Contract/Commercial Transaction | **Case Status:** Active | **Jury Demand:** 6 Jurors

**Case Track:** 2 | **Judge:** Noah Franzblau | **Team:** 1

**Original DED:** | **Current DED:** | **# of DED Extensions:** 0

**Original Arb Date:** | **Current Arb Date:** | **# of Arb Adjournments:** 0

**Original Trial Date:** | **Current Trial Date:** | **# of Trial Adjournments:** 0

**Disposition Date:** | **Case Disposition:** Open | **Statewide Lien:**

## Plaintiffs

**Crestmont Mm Lp D/B/A Mercedes-Benz Of Morristown**

**Party Description:** Corp | **Phone:**

**Address Line 1:** 34 Ridgedale Avenue

**Address Line 2:**

**City:** Morristown | **State:** NJ | **Zip:** 07960

**Attorney Name:** Kaplan Jordan B | **Attorney Bar ID:** 060802013

**Attorney Email:**

## Defendants

**Nobilis Group, Inc.**

**Party Description:** Corp | **Phone:**

**Address Line 1:** 5100 N Oconnor Boulevard

**Address Line 2:** Suite 200

**City:** Irving | **State:** TX | **Zip:** 75039

**Attorney Name:** | **Attorney Bar ID:**

**Attorney Email:**

**Nobilis Administrative Services, Inc.**

**Party Description:** Corp | **Phone:**

**Address Line 1:** 5100 N. Oconnor Blvd.

**Address Line 2:** Suite 200

**City:** Irving | **State:** TX | **Zip:** 75039

**Attorney Name:** | **Attorney Bar ID:**

**Attorney Email:**

## ACMS Documents

| Filed Date | Doc Number | Document Type | Filing Party | Doc Status | CO ID | Type | Date Served | Service Status | Party Served |
|---|---|---|---|---|---|---|---|---|---|
| 07/23/2026 | 001 | COMP JRY DEMAND | CRESTMONT MM LP D/B/ | | | | | | |

## Case Actions

| Filed Date | Docket Text | Transaction ID | Entry Date |
|---|---|---|---|
| | Complaint with Jury Demand for MRS-L-001753-26 submitted by KAPLAN, JORDAN BRYANT, FOX | | |

| | | | |
|---|---|---|---|
| 07/23/2026 | ROTHSCHILD LLP on behalf of CRESTMONT MM LP D/B/A MERCEDES-BENZ OF MORRISTOWN against NOBILIS GROUP, INC., NOBILIS ADMINISTRATIVE SERVICES, INC. | LCV20261933521 | 07/23/2026 |
| 07/24/2026 | TRACK ASSIGNMENT Notice submitted by Case Management | LCV20261942771 | 07/24/2026 |

| | | | |
|---|---|---|---|
| 08/11/2026 | AFFIDAVIT OF SERVICE submitted by KAPLAN, JORDAN, BRYANT of FOX ROTHSCHILD LLP on behalf of CRESTMONT MM LP D/B/A MERCEDES-BENZ OF MORRISTOWN against NOBILIS ADMINISTRATIVE SERVICES, INC. | LCV20262103608 | 08/11/2026 |

**FOX ROTHSCHILD LLP**
Jordan B. Kaplan, Esq. [06080-2013]
Raymond S. Cooper, Esq. [33480-2021]
49 Market Street
Morristown, New Jersey 07960
Tel: 973.992.4800
Fax: 973.992.9125
raycooper@foxrothschild.com
*Attorneys for Plaintiff Crestmont MM LP d/b/a Mercedes-Benz of Morristown*

| | |
|---|---|
| CRESTMONT MM LP d/b/a MERCEDES-BENZ OF MORRISTOWN,<br><br>Plaintiff,<br><br>v.<br><br>NOBILIS GROUP, INC., and NOBILIS ADMINISTRATIVE SERVICES, INC.,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>MORRIS COUNTY<br><br>Docket No.:<br><br>Civil Action<br><br>**COMPLAINT, DESIGNATION OF TRIAL COUNSEL AND JURY DEMAND** |

Plaintiff Crestmont MM LP d/b/a Mercedes-Benz of Morristown ("Crestmont"), by and through its undersigned counsel, Fox Rothschild LLP, as and for its Complaint against Defendants Nobilis Group, Inc. ("NGI") and Nobilis Administrative Services, Inc. ("NASI") (collectively, "Defendants"), hereby states as follows:

## THE PARTIES

1. Crestmont is a New Jersey limited partnership with its principal place of business at 34 Ridgedale Avenue, Morristown, Morris County, New Jersey 07960.

2. NGI is a Texas corporation with its principal place of business at 5100 N. O'Connor Blvd., Suite 200, Irving, Texas 75039.

3. NASI is a Texas corporation with its principal place of business at 5100 N. O'Connor Blvd., Suite 200, Irving, Texas 75039. Upon information and belief, NASI is a

subsidiary of NGI and is the administrator responsible for the consumer protection programs ("Programs") under the Dealer-Administrator Agreement.

## STATEMENT OF FACTS

4. Crestmont and NGI (on behalf of its subsidiary administrative companies, including NASI) entered into a Dealer-Administrator Agreement (the "Agreement") pursuant to which Crestmont sold consumer vehicle protection plans administered by Defendants, including the AutoBodyGuard Tire & Wheel Protection program (collectively, the "Programs").

5. The parties performed under the Agreement from February 2019 until October 2025, with Crestmont selling Programs, submitting claims, and receiving reimbursements, and Defendants processing claims and issuing monthly statements, all in accordance with the Agreement's terms. Through this continuous course of dealing, the Agreement remained in full force and effect.

6. Under Section 13 of the Agreement, Defendants agreed that "[p]rior [a]uthorization is required for all Consumer Protection Program claims" and that Defendants would "investigate and process all claims presented under any Program and arrange for reimbursement of the cost of repair(s) or replacement parts and associated labor covered by the Program to [Crestmont], another repair facility or the consumer, as applicable, based on the Consumer Contract purchased."

7. Importantly, the Agreement does not provide Defendants with the authority to choose which repair facility would perform work for customers that purchased the Consumer Contract.

8. Section 16 of the Agreement provides that "[t]his Agreement constitutes the entire contract between the parties" and that "[a]ny change or amendment to this Agreement must be in writing and signed by both parties."

9. Section 11 of the Agreement provides that the Administrator is "not liable to [Dealer] for any loss, claim, or expense associated with Our rejection of, processing, or handling of any claim."

10. Section 11 further provides that "[b]oth parties waive the right to consequential, incidental, punitive and exemplary damages."

11. By its plain terms, Section 11's liability exclusion addresses only the Administrator's "rejection of, processing, or handling of any claim."

12. Section 11 does not immunize Defendants for wholesale repudiation of the Agreement, unilateral alteration of claims procedures, or intentional redirection of customers to competing facilities.

13. Defendants' conduct, as alleged herein, constitutes a material breach of the Agreement.

14. A party that has materially breached a contract cannot invoke that contract's exculpatory provisions to shield itself from liability.

15. Section 11 does not shield intentional, retaliatory, or bad-faith conduct, and is unconscionable and unenforceable as applied to such conduct.

16. During its relationship with Defendants, Crestmont sold approximately 1,500 consumer protection contracts under the Programs to its customers.

17. Crestmont sold these consumer protection contracts based upon the explicit representation in the Agreement, that Defendants would "investigate and process all claims presented under any Program and arrange for reimbursement of the cost of repair(s) or replacement parts and associated labor covered by the Program[.]"

18. Crestmont's customers who purchased these plans had established relationships with Crestmont and regularly returned to Crestmont's service department for warranty and covered repair work.

19. In or about October 2025 – after the parties had performed pursuant to the Agreement for over six years - Defendants unilaterally modified the rate schedule, implementing rate changes that increased reserves by approximately $800 per contract—approximately 80%.

20. Due to this excessive rate increase, Crestmont elected to discontinue selling new Programs going forward. Notably, however, Crestmont did not terminate, abandon, or repudiate the Agreement with respect to existing customer plans.

21. In retaliation, Defendants took adverse actions against Crestmont and its customers regarding the existing legacy plans.

22. On or about March 17, 2026, Defendants issued a "Priority Notice of Change in Claims Procedures" stating that claims under Programs originally sold by Crestmont would henceforth be handled solely through Defendants' national dispatch repair network and that Defendants would no longer accept claims initiated by Crestmont's service writers.

23. This change in claims procedures was unilateral. Crestmont did not consent to it, and no written amendment signed by both parties authorized the change.

24. On April 1, 2026, Crestmont's Director of Fixed Operations spoke with Defendants to discuss the "Priority Notice of Change in Claims Procedures," and explain how Defendants' unilateral decision interfered with Crestmont's various business relationships.

25. On April 2, 2026, Crestmont's Director of Fixed Operations followed up with an e-mail to Defendants, stating that Crestmont "want[s] to continue to maintain our relationship and do our best to work together for everyone involved."

26. In response to Crestmont's April 2, 2026 e-mail Defendants' Chief Operating Officer explained that Defendants discontinued selling the "legacy" program because Defendants made a bad financial decision, as they experienced a financial loss through that program.

27. Defendants' Chief Operating Officer then stated that, if Crestmont was willing to "share in these losses" – i.e. pay money that Crestmont was not contractually obligated to pay – that Defendants would be willing to reinstate the program for Crestmont.

28. Stated differently, Defendants sought to recover from their bad business decision by extorting Crestmont into paying exorbitant amounts to restore a right that should not have been taken away from Crestmont.

29. Crestmont did not accede to Defendants' extortion attempt.

30. Accordingly, Defendants have refused to allow Crestmont to initiate claims on behalf of its customers that purchased programs pursuant to the Agreement, refused to authorize repairs at Crestmont's service facility, delayed payment on authorized claims, refused payment on completed repairs, and redirected Crestmont's customers to competing dealerships, each of which caused Crestmont to suffer an ascertainable loss.

31. By way of example[1], Defendants engaged in the following wrongful conduct:

a. Refusing to accept claims submitted by Crestmont on behalf of its customers, while accepting the same claims when routed through third-party referral companies or competing dealerships (e.g., Claim #60199741);

[1] The claim numbers referenced herein are provided by way of illustration and not limitation. Plaintiff reserves the right to supplement these examples with additional claims and instances of Defendants' wrongful conduct as discovery progresses.

b. Unreasonably delaying payment on authorized claims for weeks, despite timely submission of repair orders (e.g., Claims #60200061, #60200248, #60200386);

c. Refusing to pay claims altogether, leaving Crestmont uncompensated for completed repairs (e.g., Claim #60200473);

d. Refusing to allow Crestmont to initiate claims and directing customers to call Defendants directly, then telling customers that repairs could not be performed at Crestmont's facility; and

e. Redirecting Crestmont's customers to competing dealerships, including Mercedes-Benz of Union and Mercedes-Benz of Caldwell (e.g., Claim #60202784); and

f. Engaging in other retaliatory and bad-faith conduct designed to deprive Crestmont of the benefits of the Agreement and its customer relationships.

32. In addition to the foregoing, Crestmont has numerous additional repair orders that have been completed and remain unpaid by Defendants, and additional claims where Defendants have redirected customers away from Crestmont or refused to allow Crestmont to initiate or process claims.

33. Defendants' actions have caused Crestmont to suffer direct monetary damages in the form of unpaid repair invoices, lost service revenue, and lost customer relationships and goodwill.

34. Defendants' conduct has also harmed Crestmont's customers, who purchased vehicle protection plans through Crestmont and reasonably expected to receive covered service at Crestmont's facility.

## COUNT I

## BREACH OF CONTRACT

35. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs as if fully set forth herein.

36. A valid and enforceable contract exists between Crestmont and Defendants in the form of the Agreement.

37. Crestmont performed its obligations under the Agreement, including selling Programs to consumers and submitting claims in accordance with the established procedures.

38. Defendants breached the Agreement by unilaterally changing the claims procedures without a written amendment signed by both parties, as required by the Agreement.

39. Defendants breached the Agreement by refusing to "investigate and process all claims presented under any Program" when submitted by Crestmont on behalf of its customers.

40. Defendants breached the Agreement by refusing to authorize covered repairs at Crestmont's service facility, thereby preventing Crestmont from performing repairs for which reimbursement was contractually required.

41. Defendants breached the Agreement by failing to "arrange for reimbursement of the cost of repair(s) or replacement parts and associated labor covered by the Program" to Crestmont.

42. Defendants breached the Agreement by failing and refusing to pay Crestmont for authorized and completed covered repairs, in violation of their reimbursement obligations.

43. Section 11 of the Agreement does not bar Crestmont's claims because, by its plain terms, it addresses only individual claim decisions and does not immunize Defendants for wholesale repudiation of the Agreement or intentional misconduct.

44. Defendants' material breach of the Agreement voids any limitation of liability or damages waiver contained in Section 11.

45. As a direct and proximate result of Defendants' breaches, Crestmont has suffered damages including, but not limited to, unpaid repair invoices and lost service revenue, in an amount to be determined at trial.

**WHEREFORE**, Plaintiff demands judgment against Defendants on Count I for compensatory damages for breach of contract, including unpaid repair invoices and lost service revenue, in an amount to be determined at trial, plus pre-judgment and post-judgment interest, attorneys' fees and costs, and such other relief as the Court deems just.

## COUNT II

## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

46. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs as if fully set forth herein.

47. Every contract in New Jersey carries an implied covenant of good faith and fair dealing. The Agreement between Crestmont and Defendants contained such a covenant.

48. Under the Agreement, Defendants possessed discretion over the administration of claims, including authorization, processing, payment, and designation of authorized repair facilities.

49. Defendants exercised that discretion in bad faith by: (a) seeking to coerce Crestmont into sharing in alleged program losses as a condition of continued claims administration, despite no contractual obligation to do so; (b) punishing Crestmont for exercising its right to stop selling new Nobilis products by unilaterally cutting off Crestmont's ability to submit and service claims; (c) deliberately delaying and refusing payment on authorized claims;



187011387.1

and (d) redirecting Crestmont's customers to competing facilities to deprive Crestmont of the benefits of the Agreement.

50. Defendants' bad faith conduct deprived Crestmont of the benefits it reasonably expected to receive under the Agreement, including the ability to service its customers' covered claims and receive timely reimbursement for authorized repairs.

51. Section 11 does not shield Defendants' bad-faith conduct, and is unconscionable and unenforceable as applied to such conduct.

52. As a direct and proximate result of Defendants' breach of the implied covenant, Crestmont has suffered damages in an amount to be determined at trial.

**WHEREFORE**, Plaintiff demands judgment against Defendants on Count II for compensatory damages for breach of the implied covenant of good faith and fair dealing, in an amount to be determined at trial, plus pre-judgment and post-judgment interest, attorneys' fees and costs, and such other relief as the Court deems just.

## COUNT III

## TORTIOUS INTERFERENCE WITH EXISTING CUSTOMER RELATIONSHIPS

53. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs as if fully set forth herein.

54. Crestmont had existing, established business relationships with its customers who purchased vehicle protection plans through Crestmont and who regularly returned to Crestmont's service department for covered repair work.

55. Defendants knew of these existing customer relationships because Defendants administered the Programs through which those relationships were maintained and had records identifying Crestmont as the selling dealer and service provider.

56. Defendants intentionally and without justification interfered with Crestmont's existing customer relationships by: (a) refusing to allow Crestmont to initiate claims for its customers; (b) telling customers that Defendants would not pay claims serviced by Crestmont; (c) redirecting customers to competing dealerships; and (d) refusing to authorize repairs at Crestmont's facility.

57. Defendants' interference was not justified by any legitimate business purpose and was motivated by a desire to retaliate against Crestmont for ceasing new product sales and to coerce Crestmont into accepting unfavorable financial terms.

58. As a direct and proximate result of Defendants' tortious interference, Crestmont has suffered damages including lost service revenue, unpaid repair amounts, customer dissatisfaction, loss of goodwill, and reputational harm, in an amount to be determined at trial.

**WHEREFORE**, Plaintiff demands judgment against Defendants on Count III for compensatory damages for tortious interference with existing customer relationships, including lost service revenue, unpaid repair amounts, loss of goodwill, and reputational harm, in an amount to be determined at trial, plus pre-judgment and post-judgment interest, attorneys' fees and costs, and such other relief as the Court deems just.

## COUNT IV

## TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE AND UNFAIR COMPETITION

59. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs as if fully set forth herein.

60. Crestmont had a reasonable expectation of future economic benefit from its approximately 1,500 existing plan customers, who would foreseeably return to Crestmont for

covered service, warranty repairs, and general maintenance, and who would generate repeat business, referrals, and goodwill.

61. Defendants knew of Crestmont's reasonable expectation of prospective economic advantage from this customer base because Defendants administered the Programs and possessed full information about Crestmont's customer relationships and service history.

62. Defendants wrongfully and intentionally interfered with Crestmont's prospective economic advantage by using their position as claims administrator to divert customers and service work away from Crestmont and toward competing facilities, and by engaging in unfair commercial conduct including coercion, retaliation, and the use of administrative power to extract financial concessions not required by the Agreement.

63. Defendants' conduct constitutes unfair competition in that Defendants used their contractual position to improperly redirect commercial opportunities that rightfully belonged to Crestmont to other service providers.

64. As a direct and proximate result of Defendants' wrongful conduct, Crestmont has suffered and will continue to suffer damages including loss of future service revenue, loss of customer relationships, diminished goodwill, and other economic harm, in an amount to be determined at trial.

**WHEREFORE**, Plaintiff demands judgment against Defendants on Count IV for compensatory damages for tortious interference with prospective economic advantage and unfair competition, including loss of future service revenue, loss of customer relationships, and diminished goodwill, in an amount to be determined at trial, plus pre-judgment and post-judgment interest, attorneys' fees and costs, and such other relief as the Court deems just.

## COUNT V

### UNJUST ENRICHMENT / RESTITUTION

65. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs as if fully set forth herein.

66. This Count is pled in the alternative to the extent the Agreement is found to be unenforceable, expired, or inapplicable to any portion of Crestmont's claims.

67. Crestmont conferred substantial benefits on Defendants by selling approximately 1,500 consumer protection plans, generating significant program revenue, premium income, and an ongoing customer base for Defendants' administration and profit.

68. Defendants received and retained these benefits, including the program revenue and premiums paid by customers who purchased coverage through Crestmont.

69. Defendants have retained these benefits while simultaneously refusing to pay Crestmont for covered repairs, frustrating Crestmont's ability to service claims under the Programs, and diverting Crestmont's customers to competing facilities.

70. Under the circumstances, it would be unjust for Defendants to retain these benefits without providing Crestmont with restitution for the value conferred.

71. Crestmont is entitled to restitution in an amount to be determined at trial.

**WHEREFORE**, in the alternative, Plaintiff demands judgment against Defendants on Count V for restitution of the value of benefits conferred, in an amount to be determined at trial, plus pre-judgment and post-judgment interest, attorneys' fees and costs, and such other relief as the Court deems just.

## COUNT VI

## QUANTUM MERUIT

72. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs as if fully set forth herein.

73. This Count is pled in the alternative to the extent the Agreement is found to be unenforceable, expired, or inapplicable to any portion of Crestmont's claims.

74. Crestmont performed covered repair work on vehicles belonging to customers who held protection plans administered by Defendants, in good faith and with the expectation of payment.

75. Defendants accepted the benefit of Crestmont's repair work because such work discharged or reduced Defendants' obligations to customers under the Programs.

76. Crestmont expected to be paid for this work, and the circumstances were such that Defendants knew or should have known of this expectation.

77. The reasonable value of Crestmont's services is reflected in the repair orders and invoices submitted to Defendants.

78. Defendants' failure to pay for the reasonable value of Crestmont's services is unjust, and Crestmont is entitled to recover in quantum meruit in an amount to be determined at trial.

**WHEREFORE**, in the alternative, Plaintiff demands judgment against Defendants on Count VI for the reasonable value of services rendered in quantum meruit, in an amount to be determined at trial, plus pre-judgment and post-judgment interest, attorneys' fees and costs, and such other relief as the Court deems just.

## COUNT VII

## DECLARATORY JUDGMENT

79. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs as if fully set forth herein.

80. An actual controversy exists between Crestmont and Defendants concerning Defendants' obligations to process, administer, and pay valid claims arising from consumer protection contracts sold through Crestmont while the program relationship was active.

81. Defendants have taken the position that they may refuse to process or pay claims solely because Crestmont is the originating dealer or repair facility, and that they may unilaterally alter claims procedures to exclude Crestmont from servicing its own customers' claims.

82. Crestmont seeks a declaration pursuant to N.J.S.A. 2A:16-50 et seq. that:

a. Defendants remain obligated to process, administer, and pay or reimburse valid claims arising from consumer protection contracts sold through Crestmont while the program relationship was active, notwithstanding Crestmont's discontinuation of new product sales, any termination or non-renewal of the Agreement, or any unilateral changes to claims procedures;

b. Defendants cannot refuse to process or pay claims, or refuse to authorize repairs, solely because Crestmont is the originating dealer or the repair facility; and

c. Defendants' unilateral changes to claims procedures, made without a written amendment signed by both parties, are invalid and unenforceable.

83. A declaratory judgment is necessary to resolve the parties' dispute and to establish the rights and obligations of the parties with respect to the existing customer plans.

**WHEREFORE**, Plaintiff demands judgment against Defendants on Count VII declaring that: (a) Defendants remain obligated to process, administer, and pay valid claims arising from consumer protection contracts sold through Crestmont; (b) Defendants cannot refuse to process or pay claims solely because Crestmont is the originating dealer or repair facility; and (c) Defendants' unilateral changes to claims procedures are invalid and unenforceable; plus attorneys' fees and costs, and such other relief as the Court deems just.

**FOX ROTHSCHILD LLP**
*Attorneys for Plaintiff Crestmont MM LP*
*d/b/a Mercedes-Benz of Morristown*

Dated: July 23, 2026

*/s/ Jordan B. Kaplan*
By: Jordan B. Kaplan

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, Jordan B. Kaplan, Esq. is hereby designated as trial counsel for Plaintiff Crestmont in this matter.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

## CERTIFICATION PURSUANT TO R. 4:5-1

I hereby certify, to the best of my knowledge, information, and belief, that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration proceeding, that no such action or arbitration proceeding is contemplated, and that no other parties should be joined in this action at this time, except as may be revealed through discovery.

I further certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with R. 1:38-7(b).

**FOX ROTHSCHILD LLP**
*Attorneys for Plaintiff Crestmont MM LP*
*d/b/a Mercedes-Benz of Morristown*

Dated: July 23, 2026

*/s/ Jordan B. Kaplan*
By: Jordan B. Kaplan

# Civil Case Information Statement

## Case Details: MORRIS | Civil Part Docket# L-001753-26

**Case Caption:** CRESTMONT MM LP D/B/ A MERCEDE VS NOBILIS GROUP,
**Case Initiation Date:** 07/23/2026
**Attorney Name:** JORDAN BRYANT KAPLAN
**Firm Name:** FOX ROTHSCHILD LLP
**Address:** 49 MARKET ST
MORRISTOWN NJ 079605122
**Phone:** 9739924800
**Name of Party:** PLAINTIFF : Crestmont MM LP d/b/a Mercedes
**Name of Defendant's Primary Insurance Company** (if known): Unknown

**Case Type:** CONTRACT/COMMERCIAL TRANSACTION
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO
**Does this case involve claims related to COVID-19? NO**

**Are sexual abuse claims alleged by: Crestmont MM LP d/b/a Mercedes? NO**

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO **Title 59?** NO **Consumer Fraud?** NO **Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

07/23/2026
Dated

/s/ JORDAN BRYANT KAPLAN
Signed

MORRIS COUNTY SUPERIOR COURT
PO BOX 910
MORRISTOWN NJ 07963

TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (862) 397-5700
COURT HOURS 8:30 AM - 4:30 PM

DATE: JULY 23, 2026
RE: CRESTMONT MM LP D/B/ A MERCEDE VS NOBILIS GROUP,
DOCKET: MRS L -001753 26

THE ABOVE CASE HAS BEEN ASSIGNED TO: TRACK 2.

DISCOVERY IS 300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

THE PRETRIAL JUDGE ASSIGNED IS: HON NOAH FRANZBLAU

IF YOU HAVE ANY QUESTIONS, CONTACT TEAM 001 AT: (862) 397-5700 EXT 75351.

IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.

PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE WITH R.4:5A-2.

ATTENTION:

ATT: JORDAN B. KAPLAN
FOX ROTHSCHILD LLP
49 MARKET ST
MORRISTOWN NJ 07960-5122

ECOURTS

857365

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION:
MORRIS COUNTY

Plaintiff
CRESTMONT MM LP D/B/A MERCEDES-BENZ OF MORRISTOWN

vs

Defendant
NOBILIS GROUP, INC., ET AL

DOCKET NO. MRS-L-001753-26

## AFFIDAVIT OF SERVICE
(for use by Private Service)

Cost of Service pursuant to R4:4-30

$ ______________

Person to be served: NOBILIS GROUP, INC.

Address:
5100 NORTH O'CONNOR
BOULEVARD
IRVING TX 75039

Attorney:
FOX ROTHSCHILD LLP
49 MARKET STREET
MORRISTOWN NJ 07960

Papers Served:
SUMMONS, COMPLAINT & CASE INFORMATION STATEMENT;

Service Data:

Served Successfully ✓ Not Served ______ Date: 7-29-26 Time: 2:45 PM Attempts: 2

____ Delivered a copy to him/her personally

____ Left a copy with a competent household member over 14 years of age residing therein at place of abode.

✓ Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc.

Name of Person Served and relationship/title

Aaron Ison
Managing Agent

Description of Person Accepting Service:

Age: 45-50 Height: 6'2" Weight: 225 Hair: BLACK Sex: MALE Race: BLACK

Non-Served:

( ) Defendant is unknown at the address furnished by the attorney
( ) All reasonable inquiries suggest defendant moved to an undetermined address
( ) No such street in municipality
( ) No response on: ______________ Date ______________ Time
______________ Date ______________ Time
______________ Date ______________ Time
( ) Other: ______________ Comments or Remarks ______________

Subscribed and Sworn to me this
29 day of July 2026

[signature]
Notary Signature

I, GRAN D. SMITH, was at time of service a competent adult not having a direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

[signature] 7-29-2026
Signature of Process Server Date

SHIRLEY NELL MCCLELLAN
Notary Public, State of Texas
Comm. Expires 09-21-2029
Notary ID 6985122

DGR LEGAL, INC.
1359 Littleton Road, Morris Plains, NJ 07950-3000
(973) 403-1700 Fax (973) 403-9222

Work Order No. 857365
File No. MRS-L-001753-26

**FOX ROTHSCHILD LLP**
**By: Jordan B. Kaplan, Esquire (06080-2013)**
**49 Market Street**
**Morristown, NJ 07960**
**Telephone (973) 992-4800**
**Fax (973) 992-9125**
**E-Mail: jbkaplan@foxrothschild.com**
***Attorneys for Plaintiff, Crestmont MM LP***
***d/b/a Mercedes-Benz of Morristown***

| | |
|---|---|
| CRESTMONT MM LP d/b/a MERCEDES-BENZ OF MORRISTOWN,<br><br>Plaintiff,<br><br>vs.<br><br>NOBILIS GROUP, INC. and NOBILIS ADMINISTRATIVE SERVICES, INC.,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MORRIS COUNTY<br>DOCKET NO.: MRS-L-001753-26<br><br><br>**SUMMONS** |

The Plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey, County of Ocean. The Complaint attached to this summons states the basis for this lawsuit. If you dispute this Complaint, your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the Complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Clerk of the Treasurer, State of New Jersey and a completed Case Information Statement (available from the Deputy Clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to Plaintiff's attorney, whose name and address appears above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want to the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for

free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

s/ MICHELLE M. SMITH
Clerk of the Superior Court

Dated: July 23, 2026

Name of Defendant to be served:

NOBILIS GROUP, INC.
5100 N. O'Connor Blvd.
Irving, Texas 75039

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401
LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Case Processing Section
Room 119
Justice Center, 10 Main St.
Hackensack, NJ 07601-0769
LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Rd.
Mt. Holly, NJ 08060
LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
1st Fl., Hall of Records
101 S. Fifth St.
Camden, NJ 08103-4001
LAWYER REFERRAL
(609) 964-4520
LEGAL SERVICES
(609) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
9 N. Main St.
Box DN-209
Cape May Court House, NJ 08210
LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Broad & Fayette Sts. P.O. Box 615
Bridgeton, NJ 08302
LAWYER REFERRAL
(609) 692-6207
LEGAL SERVICES
(609) 451-0003

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
237 Hall of Records
465 Dr. Martin Luther King, Jr. Blvd.
Newark, NJ 07102
LAWYER REFERRAL
(201) 622-6207
LEGAL SERVICES
(201) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
Court House
1 North Broad Street, P.O. Box 129
Woodbury, NJ 08096
LAWYER REFERRAL
(609) 848-4589
LEGAL SERVICES
(609) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House – 1st Floor
583 Newark Ave.
Jersey City, NJ 07306
LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 798-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822
LAWYER REFERRAL
(908) 735-2611
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650
LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court
Administration Building
Third Floor
1 Kennedy Square, P.O. Box 2633
New Brunswick, NJ 08903-2633
LAWYER REFERRAL
(908) 828-0053
LEGAL SERVICES
(908) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
71 Monument Park
P.O. Box 1262
Court House, West Wing
Freehold, NJ 07728-1262
LAWYER REFERRAL
(908) 431-5544
LEGAL SERVICES
(908) 866-0020

**MORRIS COUNTY:**
Deputy Clerk of the Superior Court
Civil Division – Hall of Records
P.O. Box 910
Morristown, NJ 07930-0910
LAWYER REFERRAL
(201) 267-5882
LEGAL SERVICES
(201) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
Court House, Room 119
118 Washington Street
Toms River, NJ 08754
LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton St.
Paterson, NJ 07505
LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 345-7171

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
92 Market St., P.O. Box 18
Salem, NJ 08079
LAWYER REFERRAL
(856) 935-5629
LEGAL SERVICES
(856) 964-2010

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
New Court House, 3rd Fl.
P.O. Box 3000
Somerville, NJ 08876
LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-37 High Street
Newton, NJ 07860
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073
LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-1500
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(908) 475-2010

858909

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION:
MORRIS COUNTY

DOCKET NO. MRS-L-001753-26

Plaintiff
CRESTMONT MM LP D/B/A MERCEDES-BENZ OF MORRISTOWN

vs

Defendant
NOBILIS GROUP, INC., ET AL

# AFFIDAVIT OF SERVICE
(for use by Private Service)

Cost of Service pursuant to R4:4-30

$ ______________

Person to be served: NOBILIS ADMINISTRATIVE SERVICES, INC.
C/O COGENCY GLOBAL INC., REGISTERED AGENT

Address:
316 BERRHILL DRIVE
SUITE 200
WILLIAMSTOWN NJ 08094

Attorney:
FOX ROTHSCHILD LLP
49 MARKET STREET
MORRISTOWN NJ 07960

Papers Served:
SUMMONS, COMPLAINT & CASE INFORMATION STATEMENT

Service Data:

Served Successfully ✓ Not Served ______ Date: 07/31/26 Time: 09:56AM Attempts: ________

______ Delivered a copy to him/her personally

______ Left a copy with a competent household member over 14 years of age residing therein at place of abode.

✓ Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc.

Name of Person Served and relationship/title

FRAN KAUFMAN

PERSON IN CHARGE AT THE OFFICE OF THE REGISTERED AGENT FOR THE CORPORATION

Description of Person Accepting Service:

Age: 65 Height: 5'6 Weight: 210 Hair: GRAY Sex: FEMALE Race: CAUC

Non-Served:

( ) Defendant is unknown at the address furnished by the attorney
( ) All reasonable inquiries suggest defendant moved to an undetermined address
( ) No such street in municipality
( ) No response on: ______________ Date ______________ Time
______________ Date ______________ Time
______________ Date ______________ Time

( ) Other: ______________________ Comments or Remarks ______________________

Subscribed and Sworn to me this
5TH day of August 2026

I, MOHAMMAD SLEEM, was at time of service a competent adult not having a direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

*Ariana Sanchez* DIGITALLY SIGNED

Notary Signature

*Mohammad Sleem* DIGITALLY SIGNED 08/05/2026 04:29 PM EDT

Signature of Process Server Date

ARIANA G. SANCHEZ
Notary Public, State of New Jersey
Comm. # 50229416
My Commission Expires 1/21/2030

Online Notary Public. This notarial act involved the use of online audio/video communication technology. Notarization facilitated by SIGNiX®

DGR LEGAL, INC.
1359 Littleton Road, Morris Plains, NJ 07950-3000
(973) 403-1700 Fax (973) 403-9222

Work Order No. 858909

File No. mrs-l-001753-26

**FOX ROTHSCHILD LLP**
**By: Jordan B. Kaplan, Esquire (06080-2013)**
**49 Market Street**
**Morristown, NJ 07960**
**Telephone (973) 992-4800**
**Fax (973) 992-9125**
**E-Mail: jbkaplan@foxrothschild.com**
***Attorneys for Plaintiff, Crestmont MM LP***
***d/b/a Mercedes-Benz of Morristown***

| | |
|---|---|
| CRESTMONT MM LP d/b/a MERCEDES-BENZ OF MORRISTOWN,<br><br>Plaintiff,<br><br>vs.<br><br>NOBILIS GROUP, INC. and NOBILIS ADMINISTRATIVE SERVICES, INC.,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MORRIS COUNTY<br>DOCKET NO.: MRS-L-001753-26<br><br>**SUMMONS** |

The Plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey, County of Ocean. The Complaint attached to this summons states the basis for this lawsuit. If you dispute this Complaint, your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the Complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Clerk of the Treasurer, State of New Jersey and a completed Case Information Statement (available from the Deputy Clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to Plaintiff's attorney, whose name and address appears above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want to the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for

free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

s/ MICHELLE M. SMITH
Clerk of the Superior Court

Dated: July 30, 2026

Name of Defendant to be served:

NOBILIS ADMINISTRATIVE SERVICES, INC.
c/o Agent: Cogency Global Inc.
316 Berrhill Drive – Suite 200
Williamstown, NJ 08094

**FOX ROTHSCHILD LLP**
Jordan B. Kaplan, Esq. [06080-2013]
Raymond S. Cooper, Esq. [33480-2021]
49 Market Street
Morristown, New Jersey 07960
Tel: 973.992.4800
Fax: 973.992.9125
jbkaplan@foxrothschild.com
raycooper@foxrothschild.com
*Attorneys for Plaintiff Crestmont MM LP d/b/a Mercedes-Benz of Morristown*

| | |
|---|---|
| CRESTMONT MM LP d/b/a MERCEDES-BENZ OF MORRISTOWN,<br><br>Plaintiff,<br><br>vs.<br><br>NOBILIS GROUP, INC. and NOBILIS ADMINISTRATIVE SERVICES, INC.,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MORRIS COUNTY<br>DOCKET NO.: MRS-L-001753-26<br><br>**AFFIDAVIT OF DILIGENT INQUIRY AS TO OUT OF STATE SERVICE UPON <u>DEFENDANT</u>** |

I, **RAYMOND S. COOPER, ESQ.**, an attorney at law of the State of New Jersey, hereby certify as follows:

1. I am an attorney at law duly licensed to practice in the State of New Jersey and an associate of the law firm Fox Rothschild LLP, counsel for Plaintiff Crestmont MM LP d/b/a Mercedes-Benz of Morristown ("Plaintiff") in this action. I have personal knowledge of the facts set forth herein based upon my own diligent inquiry.

2. This Affidavit is submitted pursuant to <u>Rule</u> 4:4-5(b) to demonstrate that, despite diligent effort and inquiry, personal service within New Jersey cannot be made upon Defendant Nobilis Group, Inc. ("<u>NGI</u>") in accordance with <u>Rule</u> 4:4-4(a), thereby permitting out-of-state service pursuant to <u>Rule</u> 4:4-4(b).

3. In an effort to locate Defendants and determine whether personal service within New Jersey is possible, I conducted a diligent inquiry, which included searching publicly available corporate records, the New Jersey Division of Revenue and Enterprise Services business entity database, and other reasonably available sources to identify any current New Jersey address or registered agent for NGI and Nobilis Administrative Services, Inc. ("NASI") (together with NGI, "Defendants").

4. My inquiry revealed that NGI does not maintain a current address in New Jersey and is not registered with the New Jersey Division of Revenue and Enterprise Services as either a domestic or foreign corporation.

5. My inquiry further revealed that NASI, unlike NGI, has a registered agent for service of process in New Jersey. However, no such agent or address is available for NGI in New Jersey.

6. Based upon the foregoing diligent inquiry, I have determined that personal service within New Jersey cannot be made upon NGI in accordance with Rule 4:4-4(a).

7. Based upon the foregoing diligent inquiry and the facts stated herein, it appears that personal service within the State of New Jersey cannot be made upon NGI, despite diligent effort and inquiry. Accordingly, I respectfully submit this Affidavit in support of out-of-state personal service upon NGI pursuant to Rule 4:4-4(b).

I certify that the foregoing statements made by me are true. If any of the above statements made by me are willfully false, I am subject to punishment.

Dated: August 11, 2026

By: *s/ Raymond S. Cooper*
Raymond S. Cooper, Esq.



188449778.2