**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CRESTMONT MM LP d/b/a MERCEDES-BENZ OF MORRISTOWN,<br><br>Plaintiff,<br><br>v.<br><br>NOBILIS GROUP, INC. and NOBILIS ADMINISTRATIVE SERVICES, INC.,<br><br>Defendants. | Civil Action No. 2:26-cv-11125<br><br>**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** |

Defendants Nobilis Group, Inc. ("NGI") and Nobilis Administrative Services, Inc. ("NASI" and, together with NGI, "Defendants"), by and through their undersigned counsel, hereby submit the following Answer and Affirmative Defenses to the Complaint filed by Crestmont MM LP d/b/a Mercedes-Benz of Morristown ("Crestmont" or "Plaintiff").

## THE PARTIES

1. Upon information and belief, admitted.

2. Admitted.

3. NASI admits it is a Texas corporation and subsidiary of NGI.

## STATEMENT OF FACTS

4. Defendants admit that Crestmont and NGI entered into a Dealer-Administrator Agreement (the "Agreement"). Defendants state that the Agreement speaks for itself with respect to its terms, conditions, and the parties' respective obligations, and deny any allegations inconsistent therewith.

5. Defendants admit that they performed under the Agreement. Defendants deny that the Agreement "remained in full force and effect" through any continuous course of dealing, as the Agreement provides for a one-year term with optional renewal periods and permits either party

to terminate on thirty (30) days' written notice. Defendants further state that Crestmont ceased selling Nobilis products in or about October 2025. Defendants deny the remaining allegations of Paragraph 5 to the extent they are inconsistent with the terms of the Agreement.

6. Defendants state that the Agreement speaks for itself with respect to its terms, conditions, and the parties' respective obligations, and deny any allegations inconsistent therewith.

7. Denied.

8. Defendants state that the Agreement speaks for itself with respect to its terms, conditions, and the parties' respective obligations, and deny any allegations inconsistent therewith.

9. Defendants state that the Agreement speaks for itself with respect to its terms, conditions, and the parties' respective obligations, and deny any allegations inconsistent therewith.

10. Defendants state that the Agreement speaks for itself with respect to its terms, conditions, and the parties' respective obligations, and deny any allegations inconsistent therewith.

11. Denied. Paragraph 11 contains legal conclusions and characterizations that are inconsistent with the plain language of Section 11 of the Agreement. Defendants state that the Agreement speaks for itself with respect to its terms, conditions, and the parties' respective obligations, and deny any allegations inconsistent therewith.

12. Denied. Paragraph 12 contains legal conclusions and characterizations unsupported by the terms of the Agreement. Defendants state that the Agreement speaks for itself with respect to its terms, conditions, and the parties' respective obligations, and deny any allegations inconsistent therewith.

13. Denied.

14. Paragraph 14 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained therein.

15. Paragraph 15 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained therein and deny that Section 11 is unconscionable or unenforceable.

16. Defendants lack sufficient knowledge or information to form a belief as to the precise number of consumer protection contracts sold by Crestmont, and therefore deny the same.

17. Defendants state that the Agreement speaks for itself with respect to its terms, conditions, and the parties' respective obligations, and deny any allegations inconsistent therewith.

18. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 18 regarding Crestmont's customer relationships, and therefore deny the same.

19. Defendants admit that the rate schedule was modified in or about October 2025. Defendants state that the Agreement expressly authorizes Nobilis to modify rate schedules upon thirty (30) days' written notice, and deny the characterization that such modification was "unilateral" or improper. Defendants deny the remaining allegations of Paragraph 19.

20. Defendants admit that Crestmont elected to discontinue selling new contracts. Defendants deny the remaining allegations of Paragraph 20.

21. Denied.

22. Defendants admit that a Priority Notice of Change in Claims Procedures was issued in or about March 2026. Defendants deny the remaining allegations in Paragraph 22 and state that the notice and the claims procedures speak for themselves.

23. In response to the allegations of Paragraph 23, Defendants admit they implemented the Notice of Change in Claims Procedures and deny any allegation that they needed Crestmont's consent to do so.

24. Defendants lack sufficient knowledge or information to form a belief as to the contents of the communications alleged in Paragraph 24, and therefore deny the same.

25. Defendants admit that Crestmont sent an email to them dated April 2, 2026 and states that the e-mail speaks for itself.

26. Defendants deny the characterization of their communications as set forth in Paragraph 26.

27. Defendants deny the characterization of their communications as set forth in Paragraph 27.

28. Denied.

29. Defendants lack sufficient knowledge or information to form a belief as to Crestmont's characterization of its own decision-making, and therefore deny the same.

30. Denied.

31. Defendants deny the allegations of Paragraph 31, including all sub-paragraphs (a) through (f), and deny that they engaged in any wrongful conduct.

32. Denied.

33. Denied.

34. Denied.

## COUNT 1

## BREACH OF CONTRACT

35. In response to Paragraph 35, Defendants incorporate by reference their responses to all preceding paragraphs as though fully restated therein.

36. Defendants admit that Crestmont and NGI entered into the Agreement.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied. Paragraph 43 contains legal conclusions regarding the scope and applicability of Section 11 of the Agreement. Defendants state that the Agreement speaks for itself with respect to its terms, conditions, and the parties' respective obligations, and deny any allegations inconsistent therewith.

44. Denied.

45. Denied.

In response to the WHEREFORE clause following Paragraph 45, Defendants deny that Plaintiff is entitled to the relief requested, or any relief whatsoever, and respectfully request that Count I be dismissed with prejudice.

**COUNT II**

**BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

46. In response to Paragraph 46, Defendants incorporate by reference their responses to all preceding paragraphs as though fully restated therein.

47. Paragraph 47 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained therein and deny that they breached any implied covenant of good faith and fair dealing.

48. Defendants state that the Agreement speaks for itself with respect to its terms, conditions, and the parties' respective obligations, and deny any allegations inconsistent therewith.

49. Denied. Defendants deny the allegations of Paragraph 49, including all sub-paragraphs (a) through (d), and deny that they exercised any discretion in bad faith.

50. Denied.

51. Denied. Paragraph 51 contains legal conclusions. Defendants deny that Section 11 is unconscionable or unenforceable. Defendants state that the Agreement speaks for itself with respect to its terms, conditions, and the parties' respective obligations, and deny any allegations inconsistent therewith.

52. Denied.

In response to the WHEREFORE clause following Paragraph 52, Defendants deny that Plaintiff is entitled to the relief requested, or any relief whatsoever, and respectfully request that Count II be dismissed with prejudice.

## COUNT III

## TORTIOUS INTERFERENCE WITH EXISTING CUSTOMER RELATIONSHIPS

53. In response to Paragraph 53, Defendants incorporate by reference their responses to all preceding paragraphs as though fully restated therein.

54. Defendants lack sufficient knowledge or information to form a belief as to the nature and extent of Crestmont's customer relationships, and therefore deny the same.

55. Defendants admit that they administered the Programs and maintained records relating to the Programs. Defendants deny the remaining allegations in Paragraph 55.

56. Denied. Defendants deny the allegations of Paragraph 56, including all sub-paragraphs (a) through (d), and deny that they intentionally or without justification interfered with any of Crestmont's customer relationships.

57. Denied.

58. Denied.

In response to the WHEREFORE clause following Paragraph 58, Defendants deny that Plaintiff is entitled to the relief requested, or any relief whatsoever, and respectfully request that Count III be dismissed with prejudice.

## COUNT IV

## TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE AND UNFAIR COMPETITION

59. In response to Paragraph 59, Defendants incorporate by reference their responses to all preceding paragraphs as though fully restated therein.

60. Defendants lack sufficient knowledge or information to form a belief as to Crestmont's alleged expectation of future economic benefit, and therefore deny the same.

61. Defendants admit that they administered the Programs and maintained records relating to the Programs. Defendants deny the remaining allegations in Paragraph 61.

62. Denied.

63. Denied.

64. Denied.

In response to the WHEREFORE clause following Paragraph 64, Defendants deny that Plaintiff is entitled to the relief requested, or any relief whatsoever, and respectfully request that Count IV be dismissed with prejudice.

## COUNT V

## UNJUST ENRICHMENT / RESTITUTION

65. In response to Paragraph 65, Defendants incorporate by reference their responses to all preceding paragraphs as though fully restated therein.

66. Paragraph 66 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained therein.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

In response to the WHEREFORE clause following Paragraph 71, Defendants deny that Plaintiff is entitled to the relief requested, or any relief whatsoever, and respectfully request that Count V be dismissed with prejudice.

**COUNT VI**

**QUANTUM MERUIT**

72. In response to Paragraph 72, Defendants incorporate by reference their responses to all preceding paragraphs as though fully restated therein.

73. Paragraph 73 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained therein.

74. Defendants lack sufficient knowledge or information to form a belief as to whether Crestmont performed covered repair work as alleged in Paragraph 74, and therefore deny the same.

75. Denied.

76. Denied.

77. Defendants lack sufficient knowledge or information to form a belief as to the reasonable value of Crestmont's services as alleged in Paragraph 77, and therefore deny the same.

78. Denied.

In response to the WHEREFORE clause following Paragraph 78, Defendants deny that Plaintiff is entitled to the relief requested, or any relief whatsoever, and respectfully request that Count VI be dismissed with prejudice.

**COUNT VII**

**DECLARATORY JUDGMENT**

79. In response to Paragraph 79, Defendants incorporate by reference their responses to all preceding paragraphs as though fully restated therein.

80. Defendants admit that a controversy exists between the parties. Defendants deny the remaining allegations and characterizations in Paragraph 80.

81. Denied.

82. Defendants deny that Crestmont is entitled to the declaratory relief sought in Paragraph 82, including sub-paragraphs (a) through (c).

83. Denied.

In response to the WHEREFORE clause following Paragraph 83, Defendants deny that Plaintiff is entitled to the relief requested, or any relief whatsoever, and respectfully request that Count VII be dismissed with prejudice.

**AFFIRMATIVE DEFENSES**

Without assuming the burden of proof on any issue upon which Plaintiff bears the burden of proof, Defendants assert the following affirmative defenses:

**FIRST DEFENSE**

The Complaint fails to state a claim against Defendants upon which relief can be granted.

**SECOND DEFENSE**

Defendants deny the material allegations of the Complaint and demand strict proof thereof.

**THIRD DEFENSE**

Defendants deny that they or any of their employees or agents breached any purported duty or obligation allegedly owed to Plaintiff.

**FOURTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

**FIFTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the parol evidence rule.

**SIXTH DEFENSE**

Defendants aver that Plaintiff's claims are barred, in whole or in part, by res judicata, collateral estoppel, laches, waiver, contributory negligence, assumption of risk, accord and satisfaction, lack of standing, failure to read, unclean hands, release and/or estoppel.

**SEVENTH DEFENSE**

Plaintiff has suffered no damages as a result of the matters alleged in the Complaint.

**EIGHTH DEFENSE**

Defendants deny that Plaintiff was injured or harmed in any way by any alleged act or omission by Defendants or their purported agents.

**NINTH DEFENSE**

Plaintiff's claims fail, in whole or in part, because Plaintiff has failed to mitigate damages.

**TENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the operative terms, definitions, provisions, conditions, and limitations contained in the Dealer-Administrator Agreement (the "Agreement").

**ELEVENTH DEFENSE**

Plaintiff's claims fail because Defendants have complied with their obligations under the Agreement.

**TWELFTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because the Agreement does not grant Plaintiff an exclusive right to perform repairs on vehicles covered by the Programs.

**THIRTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrines of comparative and/or contributory fault.

**FOURTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because the Agreement provides for a one-year term with optional renewal and permits either party to terminate upon thirty (30) days' written notice.

**FIFTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by Section 11 of the Agreement, which provides that the Administrator is "not liable to [Dealer] for any loss, claim, or expense associated with Our rejection of, processing, or handling of any claim" and which provides that both parties waive the right to consequential, incidental, punitive, and exemplary damages.

**SIXTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to satisfy conditions precedent to Defendants' obligations under the Agreement.

**SEVENTEENTH DEFENSE**

Plaintiff's tort claims (Counts III and IV) are barred, in whole or in part, by the economic

loss doctrine and/or the contractual relationship between the parties.

**EIGHTEENTH DEFENSE**

Plaintiff's tortious interference claims (Counts III and IV) fail because Defendants' conduct was not wrongful, malicious, or unjustified.

**NINETEENTH DEFENSE**

Plaintiff's claims for unjust enrichment (Count V) and quantum meruit (Count VI) are barred because the parties' relationship is governed by an express written contract.

**TWENTIETH DEFENSE**

To the extent Plaintiff's claims are predicated on the modification of the rate schedule, such claims fail because the Agreement expressly authorizes Defendants to modify rate schedules upon thirty (30) days' written notice to the dealer.

**TWENTY-FIRST DEFENSE**

Defendants are entitled to setoff and/or recoupment for any amounts owed by Plaintiff to Defendants, including but not limited to amounts attributable to unapproved or unauthorized claims submitted by Plaintiff.

**RESERVATION OF DEFENSES**

Defendants respectfully reserve the right to assert other defenses, objections, and claims as discovery progresses or when it otherwise becomes appropriate during the course of this civil action. Defendants hereby deny all allegations contained in the Complaint which were not expressly admitted.

Dated: September 4, 2026

Respectfully submitted,

*/s/ Justin E. Condit*

Justin E. Condit
Joshua R. Hess (*pro hac vice* forthcoming)
Maynard Nexsen, PC
*Attorneys for Defendants Nobilis Group, Inc. and Nobilis Administrative Services, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 4, 2026, a true and correct copy of the foregoing was filed electronically through the Court's CM/ECF system, which will send notification of such filing to the following counsel of record:

Jordan B. Kaplan, Esq.
Raymond S. Cooper, Esq.
Fox Rothschild LLP
49 Market Street
Morristown, New Jersey 07960
Tel: 973.992.4800
Fax: 973.992.9125
jbkaplan@foxrothschild.com
raycooper@foxrothschild.com
*Attorneys for Plaintiff*

*/s/ Justin E. Condit*
Justin E. Condit